UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL SINDRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-204 (RBW) |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

The plaintiff, Michael Sindram, brings this action under 42 U.S.C. § 405(g) (2000), challenging the decision of the Social Security Administration ("SSA") to reduce his monthly Supplemental Security Income ("SSI") payments. Complaint ("Compl.") ¶¶ 3-5. In response to the complaint, the defendant filed an answer, wherein she takes exception to the plaintiff's position. Currently before the Court are the Plaintiff's Motion for Judgment of Reversal and for Related Relief ("Pl.'s Mot."), the Defendant's Motion for Judgment of Affirmance ("Def.'s Mot."), the Plaintiff's Supplemental Motion for Judgment of Reversal and Related Relief ("Pl.'s Supp. Mot."), and the Plaintiff's Second Supplemental Motion for Judgment of Reversal and Related Relief ("Pl.'s 2d Supp. Mot.").[1] For the reasons set forth below, the decision of the administrative law judge ("ALJ") affirming the Commissioner's decision to reduce the plaintiff's

---

[1] Also submitted in connection with these motions is the Defendant's Memorandum in Support of the Defendant's Motion for Judgment of Affirmance and in Opposition to the Plaintiff's Motion for Judgment of Reversal ("Def.'s Mem.").

SSI benefit payments is affirmed. Accordingly, the plaintiff's motions are denied, and the defendant's motion is granted.

## I. Background

On March 31, 2001, the SSA notified the plaintiff that his SSI payments would be reduced to $252 per month because he was also receiving compensation from the Department of Veterans Affairs ("VA") in the amount of $298 per month. Administrative Record ("Adm. R.") at 17-18. This additional compensation resulted in a reduction of the plaintiff's SSI payments because it was counted as income for SSI purposes. Id. On November 25, 2001, the SSA notified the plaintiff that his SSI payments commencing January 2002 would be increased to $267 per month as a result of a cost-of-living increase. Id. at 25. Thereafter, on February 2, 2002, the SSA informed the plaintiff that his SSI payments would be reduced to $259 per month, commencing March 2002, because of an increase in his VA benefit to $306 per month. Id. at 32-33.

The plaintiff then filed a timely request for reconsideration on February 8, 2002 stating:

> Have not received for Jan. 2002 VA compensation of $306.00. Payment change is premature and should not be basis to reduce my already small payment. Many requests for HEARING previously made–Cannot survive on little I now receive . . . 'If you refuse to listen to cry of poor, your own cry for help will not be heard.' (Proverbs 21:1).

Id. at 39. The SSA responded to the plaintiff's request for reconsideration on March 27, 2002, explaining that the electronic records it had received from the VA reflected that he was receiving monthly payments in the amount of $306, beginning in January 2002. Id. at 41. The plaintiff was also advised by the SSA that if the information it had received from the VA was inaccurate, he should provide proof of the amount he last received from the VA. Id. The plaintiff then filed

2

another request for reconsideration and requested a formal conference, stating: "Relief sought to be treated as conceded and should now be granted!  When to receive increased payment amount? . . . VA Disability Rating now increased to 40% for which I receive $439 per month."  Id. at 42.  The increase in benefits was due to the determination that the plaintiff's arthritic knee was service-related and amounted to a 10 percent disability, which resulted in a total disability rating of 40 percent.  Id. at 42, 97.  This same rating decision states: "It is noted in the VAMC records [that the plaintiff] does have other disabilities that are not service connected."  Id. at 98.

       The SSA responded to the plaintiff's second request for reconsideration on June 3, 2002, noting that it had been unable to conduct the formal conference he had requested because the plaintiff failed to appear for his appointment.  Id. at 44.  The SSA also denied the plaintiff's reconsideration request, finding that his SSI monthly payments had been properly reduced due to the VA payments he was receiving.  Id.  The plaintiff was also advised that his SSI payments had been further reduced to $126 per month because he was receiving VA payments in the amount of $439 per month at that time.  Id. at 47-48.

       The plaintiff filed a third request for reconsideration on July 2, 2002.  Id. at 57.  This request stated that the most recent benefit reduction "will not permit me to pay for medical required procedures and/or out-of-pocket expenses.  As a matter of law claimant is entitled to deductions and exemptions in calculating his payment that should be but have not been considered."  Id. (emphasis in original).  The plaintiff requested a hearing by an administrative law judge, again indicating his inability to pay his medical expenses.[2]  Id. at 58.

---

    [2] In support of his position, the plaintiff submitted several exhibits that are now included in the administrative record.  These documents include letters from two physicians explaining the
(continued...)

An ALJ convened a hearing in this matter on October 15, 2003. Id. at 11. The ALJ noted that the "general issue" presented for resolution was:

> Whether the claimant is subject to a reduction of supplemental security income payments based on disability due to his receipt of other unearned income in the form of Veterans Administration disability benefits as provided in 20 CFR 416.1121(a), or whether these payments are not countable as income as unusual medical expenses, so that they should not result in benefit deductions as provided in 20 CFR 416.1103(a)(7) [(2006)].

Id. at 12. The ALJ found that there was evidence to support the plaintiff's representation that he uses distilled water and is on a vegetarian diet. Id. However, the ALJ also found that:

> The [plaintiff's] dietary regiment is indicated . . . to be due to his subjective assertions that his arthritic pain and general well-being deteriorate when he waivers from his diet or drinks tap water. No objective evidence of medical necessity is furnished nor is it indicated that the [plaintiff's] personal diet and water habits are part of a prescribed medical treatment.

Id. at 12-13.

The ALJ determined that "[t]he [plaintiff's] VA benefits are service-connected disability benefits and are not indicated to include monetary provision for unusual medical expenses." Id. at 13. Moreover, the ALJ found that "[t]he [plaintiff] is not receiving additional VA payments resulting from unreimbursed medical expenses for medical care as contemplated under the exclusion exception for payments from the Department of Veterans Affairs resulting from unusual medical expenses contained in 20 CFR § 416.1103(a)(7) and this exception does not apply." Id. Thus, the ALJ concluded that "[t]he [plaintiff's] receipt of [the] Veterans Administration disability benefits is a countable resource as unearned income." Id. Based on

---

[2](...continued)
plaintiff's need for distilled water and a specific diet, id. at 81-82, a listing of previous and necessary future dental work, id. at 96, 127-28, and a letter explaining that the plaintiff purchases his own contact lens solution. Id. at 101.

these determinations, the ALJ held that the SSA's decision to offset the plaintiff's SSI benefits due to his receipt of [the] VA benefits to be "correct and appropriate." Id. This ruling became the final decision of the Commissioner of Social Security when the Appeals Council denied review of the ALJ's ruling. Id. at 3-4; see also Brown v. Bowen, 794 F.2d 703, 705 (D.C. Cir. 1986) (holding that denial of review by the Appeals Council made the ALJ's determination the Secretary's, and by inference the Commissioner's, final decision).

## II. Discussion

### A. Standard of Review

Judgment in this case may be entered by the Court's review of the pleadings and transcript of the administrative record. 42 U.S.C. § 405(g). However, the district court may not consider any "enhancement or revision of the record." Igonia v. Califano, 568 F.2d 1383, 1389 (D.C. Cir. 1977). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. 405(g); see also Brown v. Bowen, 794 F.2d 703, 705 (D.C. Cir. 1986); White v. Barnhart, No. 03-0937, 2006 WL 2385285 (D.D.C. June 29, 2006). Thus, if the Commissioner's determination is supported by substantial evidence and not tainted by an error of law then the Court must uphold it. Smith v. Bowen, 826 F.2d 1120, 1121 (D.C. Cir. 1987). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support [the Secretary's] conclusion.'" Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

### B. Review of the ALJ's Decision

The plaintiff argues that the final decision of the Commissioner is not supported by substantial evidence. Complaint ("Compl.") ¶ 5. He contends that the payments he receives

from the Department of Veterans Affairs are acquired due to "unusual medical expenses" and therefore do not qualify as income under 20 C.F.R. § 416.1103(a)(7).  Pl.'s Mot. ¶ 6.  Thus, the plaintiff opines that the "Supplemental Security Benefits have *not* been calculated correctly from final administrative decision of defendant."  Id.  The plaintiff posits that the evidence in the administrative record supports his claim that he has unusual medical expenses and he references several letters describing his medical needs.  Id. at ¶¶ 1-5.  One letter indicates that "Mr. Sindram has chondromalacia and his arthritis pain worsens when he drinks any water or other fluid besides distilled water," and that the "VA does not supply distilled water."[3]  Id. at ¶ 2; Adm. R. at 82.  Several other letters state that the plaintiff purchases contact solution and distilled water.  Id. at ¶¶ 4-5; Adm. R. at 101; Pl.'s Supp. Mot. at 17 (Letter from John Walker, Manager of RITEAID Pharmacy, dated December 11, 2005); Pl.'s 2d Supp. Mot. at 3 (Letter from Dr. Divya Shroff dated January 17, 2006).  The plaintiff also represents that the only funds he receives are his VA and SSI benefits.  Pl.'s 2d Supp. Mot. ¶ 6.

The defendant responds that "the agency's final decision, enunciated by the ALJ, is supported by substantial evidence and is in accordance with applicable law."  Def.'s Mem. at 5.  To support this position, the defendant states the following:

> In his decision, the ALJ states that plaintiff's VA payments are counted as unearned income by the agency under 20 C.F.R. § 416.1121(a) (citation omitted).

---

[3] Also included within the administrative record is a letter from Dr. Ernest Myers, Chief of Otolaryngology Head & Neck Surgery, stating that according to the plaintiff his "general well-being deteriorates when he varies from [a vegetarian] diet and drinks tap water."  Adm. R. at 81.  There is also a letter from Dr. Dana Jackson, Director of Oral and Maxillofacial Surgery Program at Howard University Hospital, indicating that the plaintiff sustained a traumatic injury to his face that resulted in the loss of several teeth and a portion of his jawbone, necessitating reconstructive surgery with "[f]urther reconstruction planned in the future to provide functional restoration of the plaintiff's occlusion."  Adm. R. at 127.

> As referenced above, the Act and the regulations provide that unearned income reduces the amount of an individual's SSI benefits. 42 U.S.C. § 1382a; 20 C.F.R. § 416.1121. The ALJ noted the exception to VA benefits being counted as unearned income if an SSI recipient receives additional VA payments resulting from unreimbursed expenses for medical care (citation omitted). However, the ALJ properly determined that plaintiff did not meet this exception (citation omitted). In particular, the ALJ found no indication that the plaintiff's VA benefits include a monetary provision for unusual medical expenses (citation omitted).

Id. at 5-6. As to whether the plaintiff receives VA benefits resulting from unusual medical expenses, the defendant notes that the "plaintiff does not claim that he received any higher or extra payments from the VA. . . . There is no evidence that the plaintiff's VA monthly benefits are higher than the normal rate for a veteran with his disability rating." Id. at 6. The defendant's bottom line is that "[t]here is no evidence that plaintiff has received any payments from the VA due to unusual medical expenses, nor does he allege this." Id. at 7. The Court agrees with the defendant that the decision of the ALJ was supported by substantial evidence, because the plaintiff failed to prove that he receives VA benefits for unusual medical expenses.

SSI benefits are reduced by the amount of income a person receives unless subject to an exclusion. 42 U.S.C. § 1382(b)(1) (2000). More specifically, the statute reads, "[f]or purposes of this subchapter, income means both earned income and unearned income." 42 U.S.C. § 1382a(a) (2000). And, "[u]nearned income includes all other income, including– . . . any payments received as an annuity, pension, retirement, or disability benefit, <u>including veterans' compensation and pensions</u>, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits." Id. (emphasis added); see also 20 C.F.R. § 416.1121(a) (2006) (including disability benefits as unearned income). The C.F.R. excludes certain medical care and services

from consideration as unearned income. 20 C.F.R. § 416.1103(a). The specific provision relevant to the case at bar is the exclusion for "[p]ayments from the Department of Veterans Affairs resulting from unusual medical expenses." 20 C.F.R. § 416.1103(a)(7). Unusual medical expenses, within the context of the VA, are those "unreimbursed medical expenditures that exceed 5 percent of the applicable maximum annual [VA] basic payment rate." See 59 Fed. Reg. 33906-01 (July 1, 1994) (preamble to regulation). [4]

The plaintiff's argument, as presented, concedes the very point he seemingly attempts to refute. That is, in all of his three motions pending before the Court, the plaintiff concedes that he has received VA benefits which are "therefore income pursuant to 20 C.F.R. § 416.1103(a)(7)." Pl.'s Mot. ¶ 6; Pl.'s Supp. Mot. ¶ 12; Pl.'s 2d Supp. Mot. ¶ 6. If in fact this is the plaintiff's position, this appeal is without merit, because SSI benefits are properly reduced by VA benefits which are counted as income. 42 U.S.C. § 1382(b)(1). Although [t]he plaintiff is proceeding pro se, his concession that the VA benefits should be counted as income is completely at odds with the thrust of his argument that his SSI was improperly reduced. Therefore, in keeping with the requirement that pro se filings be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972); Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999), the Court shall assume that the plaintiff intended to argue that these benefits should not be counted as income and will adjudicate that contention.

The dispute therefore becomes whether the VA benefits received by the plaintiff qualify under 20 C.F.R § 416.1103(a)(7) such that they do not count as income and should not offset the

---

[4] The parties agree on the definition of what constitutes unusual medical expenses. Compare Pl.'s Supp. Mot. ¶ 1 with Def.'s Mem. at 5.

plaintiff's SSI award. In order to satisfy this exception, the plaintiff must prove that he not only has unusual medical expenses but that he is receiving payments from the VA resulting from these expenses. Id. The plaintiff's medical expenses detailed in the administrative record, note 2 supra, prove only that the plaintiff has unusual medical expenses. Although the plaintiff contends that his total medical expenses exceed five percent of the applicable maximum annual VA basic payment rate he receives, Pl.'s Supp. Mot. ¶ 1, he failed to provide any evidence that he is receiving payments from the VA as a result of these expenses. And while the plaintiff asserts that the expenses were factored into the amount of VA benefits he receives, Pl.'s 2d Supp. Mot. ¶ 2, he failed to prove that this is the case. It is therefore irrelevant whether his expenses satisfy the definition of unusual medical expenses, which are defined as those "unreimbursed medical expenditures that exceed 5 percent of the applicable maximum annual [VA] basic payment rate." See 59 Fed. Reg. 33906-01 (July 1, 1994) (preamble to regulation).

The only connection that the plaintiff makes between the expenses he has identified and his military service-related disabilities for which he receives VA benefits are the letters articulating his need for distilled water. Admittedly, Dr. Myers and the other doctor whose name is illegible in the administrative record note that the plaintiff's arthritis pain worsens and his "general well-being deteriorates" when he drinks fluids other than distilled water. Adm. R. at 81-82. However, the ALJ discredited this connection and any other benefit derived from the use of distilled water because the position was based on the plaintiff's "subjective assertions" and not linked to any "prescribed medical treatment." Id. at 12-13. Moreover, despite the plaintiff's need to personally purchase his contact lens solution, pay for his severe dental needs, and the asserted connection between the distilled water and plaintiff's arthritis and general well-being, he

has failed to prove that the disability benefits he receives from the VA (or some portion thereof) is due to these expenses. While the VA does not supply distilled water, Adm. R. at 86, the plaintiff has not proven that the VA has reimbursed his out-of-pocket expenditure for this item. And although, the plaintiff has demonstrated that he received an increase in his VA benefits on April 18, 2002, due to a determination that he has an arthritic knee that is 10 percent disabling, Adm. R. 98, the record does not indicate that the increase resulted from his purported need to purchase distilled water for the problem.[5] Therefore, even the connection between his disability and the benefit payments he receives from the VA is insufficient to prove that unusual medical expenses caused the plaintiff to receive the VA payments.

Furthermore, the plaintiff receives approximately the same (actually less) benefit payments that someone would receive who has been assessed as 40 percent disabled. Compare Def.'s Mem., Exhibit ("Ex.") A (indicating that the compensation rate for a veteran alone in 2002 who was 40 percent disabled was $445 per month) with Adm. R. 9 (listing the plaintiff's monthly VA compensation at $439 per month) and Adm. R. 143 (stating that the plaintiff's monthly VA compensation is $445 per month). A payment in excess of normal compensation for his disability level might be indicative of reimbursement for unusual medical expenses, but without such excess payments it seems clear that the plaintiff receives no additional compensation for unusual medical expenses.

In summary, the Court concludes that there is sufficient evidence in the record to support

---

[5] In fact, the plaintiff received an increase of $133 per month from $306 to $439 due to the VA's determination of the 10 percent disability. Adm. R. at 33, 48. However, the plaintiff only claims to have expenses of approximately $90 per month for the purchase of distilled water. Id. at 103. Therefore, in addition to the plaintiff's failure to provide proof that the expenses caused the benefit increase, the assertion to the contrary appears to be factually inaccurate.

the Commissioner's determination that the plaintiff did not receive VA benefits as compensation for unusual medical expenses.

### III. Conclusion

For the reasons discussed herein, the Court concludes that the ALJ's finding that the plaintiff "did not receive payments from the Department of Veterans Affairs in recognition of his having unusual medical expenses" is supported by substantial evidence.  Therefore, it was appropriate for the SSA to reduce the plaintiff's SSI payments based on the VA payments he receives. Thus, the Court finds that the decision of the ALJ affirming the Commissioner's decision to reduce the plaintiff's SSI benefits must be affirmed.  Accordingly, the plaintiff's motions for judgment of reversal and related relief are denied and the defendant's motion for judgment of affirmance is granted.[6]

SO ORDERED.

REGGIE B. WALTON  
United States District Judge

---

[6] An order consistent with the Court's ruling shall be filed contemporaneously herewith.